Filed 4/28/23  Romero v. University of Southern California CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| ENRIQUE ROMERO et al., | B313461 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 18STCV00679) |
| v. | |
| UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin C. Brazile, Judge. Affirmed.

Blair & Ramirez, Oscar Ramirez, Matthew P. Blair and Kirill Lavinski for Plaintiffs and Appellants.

Manning & Kass, Ellrod, Ramirez, Trester, Jeffrey M. Lenkov and Steven J. Renick for Defendant and Respondent.

After appellant Enrique Romero was injured by fellow fans near the end of a Los Angeles Rams football game held in the Los Angeles Memorial Coliseum (Coliseum), Enrique, his wife and two daughters (appellants) brought this action against Contemporary Services Corporation (CSC), the Los Angeles Rams (Rams) and the University of Southern California (USC), alleging causes of action for negligence, premises liability and related ancillary torts. All three defendants moved for summary judgment. The trial court heard and granted the Rams' and CSC's motions, primarily on the ground that any breach of duty by the Rams or CSC was not a substantial factor in causing appellants' injuries. Appellants have appealed separately from that judgment. The trial court denied USC's motion without prejudice due to defective service.

USC's summary judgment motion was subsequently heard and granted by a different judge, essentially on the ground that USC did not have a duty to take the ameliorative steps proposed by appellants. Appellants now appeal from that judgment, which we affirm.

## BACKGROUND AND DISCUSSION

In ruling on USC's summary judgment motion, the trial court at least implicitly recognized that a special relationship existed between USC, which manages and controls the Coliseum, and visitors to the Coliseum, such as the Romeros. Such a relationship gives rise to a duty. (See *Delgado v. Trax Bar & Grill* (2005) 36 Cal.4th 224, 236; *Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 214.)

The trial court then considered the scope of the duty, an analysis centering around the ameliorative measures a plaintiff contends a defendant should have taken to prevent the plaintiff's injuries. (*Castaneda v. Olsher* (2007) 41 Cal.4th 1205, 1214.) Ultimately, the trial court rejected those measures.

The record in this case clearly shows that in opposition to USC's summary judgment motion, appellants proposed five specific ameliorative steps which, they contended, would have prevented the assault. We quote from that opposition: "(1) providing enough [Los Angeles Police Department (LAPD)] officers and/or [Apex Security Group, Inc. (Apex)] security guards in the seating bowl to 'maintain order, deter violent fights among the massive crowd of attendees, ensure the safety of attendees and discourage overconsumption of alcohol;' (2) implementing 'adequate security measures . . .'; (3) ensuring that security personnel in the seating bowl were aware of LAPD and Apex deployments; (4) ensuring that CSC staff members could directly communicate with LAPD and/or Apex; and (5) providing additional security personnel to the Family Section in light of prior complaints."

In their appellate briefing, appellants inexplicably contend they "identified specific steps that Respondent and/or its hired agent, CSC, could have taken to prevent their injuries: (1) hiring staff members in the seating bowl that were authorized to enforce the Fan Code of Conduct, including the ejection of fans; (2) providing CSC employees deployed in the lower bowl with radios; (3) providing CSC employees deployed in the seating bowl with radios capable of direct communication with LAPD or Apex; (4) providing CSC employees in the seating bowl with information about LAPD and/or Apex deployments; (5) timely

escalating the verbal altercation involving Mr. Romero to LAPD and/or Apex; and (6) keeping Mr. Romero and the Assailants physically separated until LAPD and/or Apex arrived on-scene." This is simply not accurate.

Having incorrectly listed the specific steps, appellants then proceed to argue that the burden of taking these steps was minimal compared to the risk of harm to fans, and there would be no negative consequences to the community of requiring USC to take these steps.

Appellants do not address the trial court's analysis of the five steps they actually proposed. This is true even though there is a small overlap in the two sets of steps. In their opening brief on appeal, appellants contend USC should have taken the steps of "providing CSC employees deployed in the seating bowl with radios capable of direct communication with LAPD or Apex [and] providing CSC employees in the seating bowl with information about LAPD and/or Apex deployments." In their opposition to USC's motion for summary judgment, appellants contended USC should have taken the steps of "ensuring that security personnel in the seating bowl were aware of LAPD and Apex deployments [and] ensuring that CSC staff members could directly communicate with LAPD and/or Apex." Appellants do not discuss, let alone identify any error, in the trial court's analysis of these two steps.

The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and it is the appellant's burden to affirmatively demonstrate error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Appellants have not in any way affirmatively demonstrated error in the trial court's ruling. Accordingly, we affirm the judgment.

4

Although not determinative of our decision to affirm, we note that to the extent appellants are contending on appeal that USC could be held liable for CSC's failure to take ameliorative steps, a trial court has separately found that any breach of duty by CSC did not cause appellants' injuries. We have separately affirmed that ruling. Thus, appellants' argument concerning a nondelegable duty on USC's part does not save this appeal.

## DISPOSITION

The judgment is affirmed. Appellants to bear costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

VIRAMONTES, J.